(Gallia County Court of Common Pleas.—Special Term.)

### THE CITY OF GALLIPOLIS v. THE TRUSTEES OF WATER WORKS.

———

Sec. 2417 Rev. Stat., providing that no charge shall be made by the Trustees of Water Works for supplying water for the use of public school buildings belonging to the corporation, or for any hospital, asylum or other charitable institution devoted to the relief of the poor, aged, infirm or destitute persons or orphan children, applies to such institutions belonging to the corporation and also to any charitable institution owned by the state, and is constitutional.

———

COULTRAP, J.

The Trustees of Water Works of Gallipolis, under sec. 2417, Rev. Stat., proposed to furnish water free of charge to the Ohio Hospital for Epileptics, an institution owned and controlled by the state and located at that place, but part of which is without the corporate limits.

The solicitor of said city thereupon applied for an injunction restraining the trustees from furnishing, ordering or permitting the water to be turned on for the use of the said O. H. E. without a reasonable compensation therefor, on the ground that the construction of said section did not include state institutions, but only those belonging to the corporation; if construed otherwise it would be unconstitutional, and the trustees would be abusing their power in granting them free water. This cause is submitted on general demurrer to the amended petition. The main question presented to the court for decision is the same as that raised by demurrer to the original petition, and that is as to the constitutionality of sec. 2417, Rev. Stat., which prohibits trustees of water works form making any charge for furnishing and supplying hospitals and other institutions therein named with water. The facts upon which the city relies for relief are more clearly plead in the amended petition, and a copy of the ordinance which it is claimed that the furnishing of free water will contravene is attached. The real ground of complaint made in the amended petition is not that, having erected water works of greater capacity than is required to supply the needs of the city, the water works trustees propose to furnish water for the Ohio Hospital for Epileptics, but that they propose to furnish it free of charge. The right of the water works trustees to furnish water to this institution is not questioned; only the right to furnish it free of charge is denied.

The prayer of the amended petition is for an injunction restraining the said trustees of water works from furnishing water for the use of said Ohio Hospital for Epileptics or ordering or permitting the water to be turned on for its use without first entering into an agreement with the trustees of said Ohio Hospital for Epileptics for the payment to the trustees of said water works, of a reasonable compensation therefor, and from doing any act, matter or thing to carry out the provisions in said illegal act of the legislature, referring to sec. 2417 aforesaid.

It is clear therefore that the objection made by the city is not to the furnishing water to the hospital, but to the furnishing of it free of charge. The water works trustees, on the other hand, propose to furnish free water only because they believe that they are prohibited by sec. 2417, Rev. Stat.,

from making any charge therefor. Thus it seems to me, the case is narrowed down to a question of the constitutionality of the inhibition contained in said statute.

As shown by the amended petition, the corporation line of the city divides the grounds of the hospital, leaving some of the buildings composing the institution within the corporate limits, and some without. But as the right to furnish water to the institution is not questioned, the court is warranted in assuming that all of the grounds and buildings of the institution are at least within the four mile limit to which the trustees may extend, construct, lay down and maintain water pipe outside of the corporation line when so requested by one or more citizens residing outside of the corporation. Besides the amended petition avers that the pipe line laid from the hospital makes connection with the mains of the city water works at the head of Second street in said city.

The real question, therefore, to be determined upon the demurrer to the amended petition is as to what provisions, if any, of the constitution of the state, are contravened by sec. 2417 of the Revised Statutes, which forbids the making of any charge for furnishing water to hospitals and other public institutions therein named. That the public buildings, hospitals, etc., mentioned in said section embrace state institutions as well as those belonging to the city or cities owning and controlling water works, seems hardly to admit of doubt. The language used will not bear any other construction.

Has the legislature constitutional power to prohibit city water works trustees from furnishing water to state institutions located in such city? It is not here a question whether the trustees of said water works may be compelled to furnish water to said state institution, for, as appears from the allegation of the amended petition, the action of the water works trustees is purely voluntary. If they were refusing to furnish water to the hospital without being paid for it, and the state was seeking to compel them to do so, a different question would arise. The water works of the city of Gallipolis are owned and controlled by the city alone. They are, so far as appears from the amended petition, of sufficient capacity to supply the needs of the city and also those of the O. H. E. The furnishing of water to the hospital will, however, require additional pumping, and consequently additional cost. Whether this additional cost be great or small is unimportant; the principle involved is the same. The question then is, may the water works trustees legally furnish water to the hospital without charging therefor? And the answer to this question depends on the answer to the question as to the constitutionality of sec. 2417, Rev. Stat. If the legislature had no power as provided in that section to prohibit city water works trustees form charging for water furnished to state institutions, then the action of the water works trustees in undertaking to furnish free water to said hospital was illegal, and it would make no difference whether the illegality consisted in the misappropriation of the funds of the city, or was simply an abuse of their powers as such trustees.

On the other hand, if sec. 2417 is constitutional, then it seems to me that the water works trustees have a right to do what they are proposing to do. The question thus presented is new and difficult—one which the higher courts may well be called upon to decide. It is alleged in the amended petition, and claimed in the argument, that sec. 2417 contravenes three different articles of the constitution of the state, but I deem the argument worthy of consideration only so far as it applies to the first, viz., that all property shall be taxed by uniform rule, and the third, that private property shall ever be held inviolate. As to the last it seems to me only necessary to say that this is not an action to compel the trustees

of the water works to furnish water to the institution named, and that therefore the question whether or not sec. 2417 is in conflict with the constitutional provision prohibiting the taxing of private property for public use without just compensation is not raised.

Does sec. 2417 conflict with article XII, sec. 2 of the constitution of the state, requiring all property to be taxed by a uniform rule? The tax referred to must be the money that must be raised to meet the additional cost of pumping and furnishing water to the hospital. It is said in argument that the expenses of conducting and managing the waterworks are being paid by the proceeds of the bonds authorized to be issued for constructing and maintaining said water works, and that no charge has been or will be made for water before October. Whether that is correct or not, it is enough to say that no claim of that kind is made in the amended petition. The legislature has provided how the expenses of conducting and managing city water works are to be raised. Sec. 2411 provides that for the purpose of paying the expenses of conducting and managing the water works, the trustees or board shall have power to assess and collect from time to time a water rent of sufficient amount, in such amount as they may deem most equitable, upon all tenements and premises supplied with water. It will be noticed that the expenses here named are provided for by way of assessment rather than by tax. They are to be assessed and collected not upon all tenements and premises of the city, but upon all tenements and premises supplied with water, and in such manner as the trustees may deem most equitable. If this section of the statute is constitutional, then it would seem to follow that sec. 2417, which only provides a limitation on the power conferred upon the trustees by sec. 2411, is also constitutional. I am therefore unable to say that sec. 2417, prohibiting any charge for water furnished to hospitals and other state institutions therein named is unconstitutional. I am rather inclined to look upon it as an enactment in harmony with other acts of the legislature exempting institutions of purely public charity and other public property used exclusively for public purposes, from taxation, and this view is strengthened by a consideration of the fact that the assessment of water rents provided for in sec. 2411 is made a charge upon the tenements and premises supplied with water, and is to be collected in the same manner as other city taxes, which means that if they are not paid when due the premises may be sold to pay them. The effect of sec. 2417 is therefore to exempt the public institutions therein named from assessments for water rent, and when we remember that the right of the city of Gallipolis to construct, own and operate water works is derived solely from acts of the legislature, and that the incidental benefits to the city from the location within and near its corporate limits of an institution of the importance and magnitude of the O. H. E. must necessarily be large, the injustice of the act forbidding the trustees of the city's water works from making any charge for water furnished to said hospital is not so apparent as to justify the court in holding the act unconstitutinal. Before this court would be justified in doing that the unconstitutinality of the act should be manifest. For these reasons it is not clear that the trustees of the water works may not do what it is allege they are proposing to do, and the demurrer will be sustained, and if the City Solicitor does not desire to plead further, judgment will be entered upon the demurrer, when the case will be in shape for appeal to the circuit court if he so desires.

Albert Druitt Alcorn, for plaintiff.

D. Warren Jones, for defendants.